UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 9:03-CR-18 (2) |
| | § | |
| THOMAS SMITH | § | |

REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT
OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed July 20, 2006, alleging that defendant violated conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

I. The Original Conviction and Sentence

Defendant was sentenced on November 25, 2003, before The Honorable John Hannah, Jr., U.S. District Judge of the Eastern District of Texas, after pleading guilty to the offense of possession of a non-registered firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 10 years.

The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of II, was 33 to 41 months.  Defendant was subsequently sentenced to 33 months imprisonment followed by two years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; drug aftercare; and a $100 special assessment.

## II.  The Period of Supervision

On September 30, 2005, defendant completed his period of imprisonment and began service of the supervision term.  Defendant's case was later reassigned to The Honorable Thad Heartfield, U.S.  Chief District Judge for the Eastern District of Texas, on November 14, 2005.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on July 20, 2006. The petition alleges that defendant violated the following conditions of release:

| | |
|---|---|
| Standard Condition: | Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. |
| Standard Condition: | Defendant shall notify the probation officer then days prior to any change or residence or employment. |
| Standard Condition: | Defendant shall not associate with any persons engaged in criminal activity, and shall not |

|  |  |
|---|---|
|  | associate with any person convicted of a felony unless granted permission to do so by the probation officer. |
| Mandatory Condition: | Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program. |

As grounds, the petition alleges that defendant failed to report to the probation department as instructed on March 30, 2006.  Additionally the defendant failed to submit a complete written report fo the months of February and March 2006. Further, on June 13, 2006, the probation department received information from the Northern District of Texas that the defendant was receiving mail addressed to Timothy Lee, a defendant on federal supervision in the Northern District of Texas. It is believed that mail addressed to Mr. Lee was sent to the post office box in Lufkin, Texas, which was rented by the defendant.  On June 19, 2006, the probation officer requested information form the postmaster in Lufkin, Texas, and it was confirmed that the defendant paid for a post office box and requested these services on March 6, 2006.  This information is normally documented on the monthly report, however, the defendant did not submit the report for March, 2006.

The petition also alleges that on May 11, 2006, the defendant reported a change of address; however, the defendant had previously moved on or about April 3, 2006, and failed to report the change of address ten days prior.

The petition also alleges that on May 16, 2006, the water department sent workers to remove a water meter from a location on Wade Nixon Road.  During the

time the workers were there, shots were fired. The workers left and contacted the Angelina County Sheriff's Department. Deputies were dispatched and located a black Honda Civic that was occupied by two individuals, one being the defendant. The deputies observed a .22 caliber Derringer pistol laying in the middle of the front seat, and a twelve gauge shotgun with a pistol grip laying between the drivers seat. The defendant was searched, and a small green plastic bag containing a white powder substance, believed to be methamphetamine, was found in his wallet. When asked what the substance was, the defendant stated that it was methamphetamine.

Finally, the petition alleges that the defendant failed to attend group or individual sessions of a drug treatment program on thirteen dates from October 28, 2005 through March 17, 2006.

### IV. Proceedings

On October 2, 2006, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release. If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition. Defendant would agree to plead "true" to the allegation that he violated a standard condition by failing to report to the probation department as instructed on March 30, 2006, and by failing

to submit complete written reports for the months of February and March 2006. Defendant would also agree to plead "true" to the allegation that he violated a standard condition by failing to report his change of address ten days prior to his move. Defendant would also agree to plead "true" to the allegation that he failed to attend individual or group sessions of the drug treatment program. Finally, defendant would accept revocation of supervised release and a ten month sentence. In exchange for defendant's plea of "true," the government would agree not to pursue the remaining allegations, and would agree that no further term of supervised release would be imposed.

At the revocation hearing, defendant pleaded "true" to the allegations that he violated standard conditions of supervised release by failing to report as directed on March 30, 2006, and failing to submit written reports for the months of February and March 2006, failing to notify the probation officer prior to any change of residence, and violated a mandatory condition by failing to participate in a drug abuse treatment program. The court announced that these violations are Grade C violations, and that with defendant's criminal history category number of II, policy guidelines suggest 4 to 10 months imprisonment.

## V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may

revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision. The original offense of conviction was a Class C felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a standard condition of supervised release by failing to report to the probation office, failing to notify the probation office of a change in residence, and failure to participate in a drug treatment program, defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.4(a) provides that in defendant's case a revocation of supervised release based on a Grade C violation and a criminal history category of II, the guideline imprisonment range is 4 to 10 months. Also according to policy guidelines, such imprisonment term must be served consecutive to any other sentence that might be imposed on the defendant. U.S.S.G. Manual ch. 7, pt. B, introductory cmt. (2004).

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

**<u>Findings:</u>**

Defendant pleaded "true" to the allegations that he violated standard conditions of supervised release by failing report as directed on March 30, 2006, and failing to submit written reports for the months of February and March 2006, and failing to report a change in residence ten days prior to the change, and pleaded "true" to the allegation that he violated a mandatory condition of supervised release

by failing to participate in a drug treatment program. Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition. Defendant's violations are Grade C violations with policy guidelines suggesting 4 to 10 months imprisonment upon revocation.

**Conclusion:**

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to report on March 30, 2006, failing to file written reports for the months of February and March 2006, failure to report 10 days prior to a change of residence, and failure to participate in a drug treatment program. As such, incarceration appropriately addresses defendant's violation.

## RECOMMENDATIONS

1. The court should find that defendant violated standard conditions of release by failing to report to the probation officer in March of 2006, failing to submit written reports for February and March of 2006, and failing to report a change of address. The court should also find that defendant violated a mandatory condition of release by failing to participate in a drug treatment program.

2. The petition should be granted and defendant's supervised release revoked pursuant to 18 U.S.C. § 3565.

3. Defendant should be sentenced to a term of imprisonment of ten (10) months, to be served consecutively to any other term of imprisonment.

    4.    Upon release of imprisonment, defendant should not be placed on supervised release.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein. Therefore, the court may act on the report and recommendation immediately.

SIGNED this __6__ day of October, 2006.

_____
Earl S. Hines
United States Magistrate Judge